[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 21, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-10478
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 98-06238-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLF D. LAWS,

Defendant-Appellant.

--------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------------

**(May 21, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rolf D. Laws appeals the district court's order

requiring him to pay $66,618.02 in restitution after he pled guilty to willfully

failing to pay child support, in violation of 18 U.S.C. § 228(a)(1).[1]  Reversible

error has been shown; we vacate and remand for further proceedings.

On appeal, Laws contends that the government did not establish the

restitution amount by a preponderance of the evidence and the district court failed

to make factual findings to support its determination in the disputed matter.[2]

For a violation of section 228(a)(1), the district court is required to order

restitution under 18 U.S.C. § 3663A in an "amount equal to the total unpaid

support obligation as it exist[ed] at the time of sentencing." 18 U.S.C. § 228(d).

The court shall order the probation officer to obtain, and include in the PSI,

information sufficient for the court to exercise its discretion in fashioning a

restitution order; this information should include, if practicable, a complete

accounting of the losses to each victim.  18 U.S.C. § 3664(a).  If the parties

dispute "the proper amount or type of restitution," the court shall resolve the

dispute "by the preponderance of the evidence;" and the government bears the

---

[1]The Sentencing Guidelines did not apply to Laws's offense because it was a Class B misdemeanor.  See U.S.S.G. § 1B1.9; see also 18 U.S.C. § 3559(a)(7).

[2]We note that Laws's appeal would be governed by plain error review because he did not timely object to the restitution amount after preparation of the presentence investigation report ("PSI"). United States v. Jones, 289 F.3d 1260, 1265 (11th Cir. 2002); see also Fed.R.Crim.P. 32(f)(1) (explaining that a party must object in writing to material information in the PSI within 14 days after receiving it).  We, however, do not have enough information to engage in even plain error review.

burden of demonstrating the amount of loss sustained by the victim as a result of the offense.  18 U.S.C. § 3664(e).

In addition, the district court is obliged to resolve "any disputed portion of the [PSI] or other controverted matter" at sentencing.  Fed.R.Crim.P. 32(i)(3)(B).  When a disputed matter is brought to the court's attention at sentencing, the court is bound to make findings on the basis of the evidence and cannot rely solely on the PSI.  United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997).

According to the PSI, Laws's past due child support as of February 1998 was $15,000; and authorities in Texas -- where Laws resided when child support was imposed -- calculated the arrearage of that amount, including interest and penalties, at $59.906.44 as of the date of the PSI's preparation.  The PSI noted that this amount would increase by the time of sentencing because of the accrual of additional interest and penalties. The PSI did not include an accounting of this increased amount.

At sentencing, Laws questioned "the amount of money outstanding," noting that the PSI amount was "large" and included penalties.  The court noted that it had "been given a new number of $66,316," though it is unclear from where the court obtained this figure.  The government then explained that it would have provided a specific accounting for the court and counsel, but Laws had not

objected to the amount in the PSI so the government did not "know it was an issue." The government also noted that a schedule of the outstanding amount due, including interest, had been provided to "everyone," and these figures included amounts provided by Texas and Florida, the state where the instant action was filed and where Laws's son resided.

Laws asked the court to "look at the document filed with" Florida authorities to "arrive at some number that [was] appropriate." But in imposing restitution in the amount of $66,618.02, the district court stated that it was "not going to figure out how much [Laws] owe[d]," and instead, would "use the government's figures." The district court said if these figures were incorrect, they could be adjusted later. No documents showing the past due obligation or accounting of arrearage, including the accumulation of interest, were admitted into the record.

We cannot conduct meaningful appellate review of the district court's restitution determination. The court adopted a figure provided by the government, but no document evidencing the calculation of this figure was admitted into evidence. And the government concedes this point on appeal.[3] Thus, it is

---

[3]The government also concedes that its calculation of interest contains a mathematical error which causes the restitution amount to be too high, and states that the case should be remanded for the district court to correct it nunc pro tunc. Because we vacate and remand for further proceedings,

impossible to determine whether the government met its burden in demonstrating the loss. See 18 U.S.C. § 3664(e).

In addition, it appears -- based on the figure in the PSI and the conflicting figures suggested at sentencing -- that no agreement existed between the parties about the "total unpaid support obligation" or the amount of accrued interest.[4] Thus, the amount was disputed. And the district court did not make the required findings or resolve the dispute by a preponderance of the evidence. Id.; Khawaja, 118 F.3d at 1460.

Where, as here, the record does not provide an adequate basis for review, we have required a district court to "assign specific reasons for its decision" to order full restitution. See United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir. 1989) (under the former Victim and Witness Protection Act, which also required district courts to resolve disputes about the amount of restitution by preponderance of the evidence). Accordingly, because nothing in the record allows for us to review meaningfully the district court's restitution determination, we vacate the pertinent order and remand the case with instructions for the district

we need not address this contention.

[4]On appeal, the government also states that the amount of restitution does not include penalties. But the PSI indicated that it did, and Laws also noted as much at sentencing. This issue of penalties also hampers us from engaging in meaningful appellate review of the court's restitution order.

court to determine the restitution amount based on a preponderance of the evidence.

VACATED AND REMANDED.